# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **ANDRIS SINEGAL, JR.** | **CIVIL ACTION NO. 6:13-cv-3004** |
| **LA. DOC #534132** | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN DARRELL VANOY** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Andris Sinegal, Jr., a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on November 6, 2013. Petitioner attacks his 2008 conviction for second degree robbery and the 30 year hard labor sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was originally charged with attempted first degree murder and armed robbery. The bill of information was amended and petitioner was tried on charges of second degree robbery and possession of stolen property. On January 30, 2008 petitioner was found guilty as charged; on June 16, 2008 concurrent sentences of 30 and 8 years were imposed.

Petitioner appealed arguing that his convictions violated the prohibition against double jeopardy. [Doc. 1-3, pp. 64-71] On April 1, 2009, the Third Circuit Court of Appeal affirmed his

conviction and sentence for second degree armed robbery but reversed his conviction for possession of stolen property and vacated the sentence imposed on that conviction. *State of Louisiana v. Andris Sinegal, Jr.*, 2008-1305 (La. App. 3 Cir. 4/1/2009), 5 So.3d 1063 (Table). [See Doc. 1-3, pp. 72-78] Neither the petitioner nor the State sought further direct review in the Louisiana Supreme Court. [Doc. 1, ¶9(g)]

On April 1, 2010 petitioner filed a *pro se* "Motion to Quash" in the Fifteenth Judicial District Court raising several claims including,  (1) double jeopardy violated by the use of an invalid bill of information (undated bill of information);  (2) due process violated by the use of an invalid bill of information; (3) imposition of an "unknowingly and unintelligent" sentence. [Doc. 1-3, pp. 79-86] The motion was construed as an application for post-conviction relief and denied by the District Court on May 18, 2010. [Doc. 1-3, pp. 90-91] Petitioner applied for writs in the Third Circuit Court of Appeals [Doc. 1-3, pp. 97-108], and on November 22, 2010 his writ application was denied. *State of Louisiana v. Andris Sinegal, Jr.*, KH 10-00743-KH. [Doc. 1-3, p. 110] Petitioner's application for writs was mailed to the Louisiana Supreme Court on December 1, 2010. [Doc. 1-3, p. 124] It was denied without comment on October 14, 2010. [*State of Louisiana ex rel. Andris Sinegal, Jr. v. State of Louisiana*, 2010-KH-2690 (La. 10/14/2011), 74 So.3d 721. See also Doc. 1-3, pp. 124-125]

Petitioner filed his second application for post-conviction relief on November 3, 2011 raising ineffective assistance of counsel claims because (1) counsel did not move for reconsideration of sentence; (2) he did not allow petitioner to present relevant evidence that another person committed the crime; and, (3) he failed to file a motion to quash the allegedly defective bill of information. [Doc. 1-3, pp. 40-63] The trial court denied the application on April

20, 2012. [Doc. 1-3, p. 63] Petitioner's writ application to the Third Circuit [Doc. 1-3, pp. 21-39] was denied on April 17, 2013 on the grounds that petitioner's application for post-conviction relief was time-barred by the two-year period of limitation established by La. C.Cr.P. art. 930.8. [*State of Louisiana v. Andris Sinegal, Jr.*, No. KH 12-00529; Doc. 1-3, pp. 9-10] His  writ application to the Louisiana Supreme Court [Doc. 1-3, pp. 10-17] was likewise denied as untimely pursuant to art. 930.8 on October 11, 2013. [*State of Louisiana ex rel. Andris Sinegal, Jr.*, 2013-1039 (La. 10/11/2013), 123 So.3d 1224. Doc. 1-3, p. 20]

    Petitioner's *habeas* petition was dated October 31, 2013, mailed on November 4, 2013, and received and filed on November 6, 2013.  He argues two claims for relief, (1) a double jeopardy violation and, (2) ineffective assistance of counsel. [Doc. 1-2, pp. 5-6]

### Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

    Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

    The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(C), or (D) since petitioner does not allege either a newly recognized constitutional right or the recent discovery of the factual predicate of his claims. He does, however, imply that inadequacies at his prison law library should be considered State created impediments; and that claim is addressed in Part 2 below.

during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed to the Third Circuit Court of Appeals raising the claim of double jeopardy.   On April 1, 2009, the Third Circuit Court of Appeal agreed with petitioner and affirmed his conviction and sentence for second degree armed robbery but reversed his conviction for possession of stolen property and vacated the sentence imposed on that conviction. *State of Louisiana v. Andris Sinegal, Jr.*, 2008-1305 (La. App. 3 Cir. 4/1/2009), 5 So.3d 1063 (Table). [See Doc. 1-3, pp. 72-78] Thereafter, neither the petitioner nor the State sought further direct review in the Louisiana Supreme Court. [Doc. 1, ¶9(g)] Therefore, petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." on May 1, 2009, when the 30-day period for applying for *certiorari* in the Louisiana Supreme Court expired.[2] Thus, the AEDPA limitations period began to run on May 1, 2009 and petitioner had one year, or until May 1, 2010 to file his *habeas corpus* petition.

---

[2] See Supreme Court Rule X, §5(a) which provides, "An application seeking to review a judgment of the court of appeal ...  after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal... No extension of time therefor will be granted."

Petitioner was able to toll the limitations period during the period of time his first collateral attack[3] remained pending in the Louisiana Courts in accordance with the provisions of 28 U.S.C. §2244(d)(2).  He filed this *pro se* pleading in the District Court on April 1, 2010. [Doc. 1-3, pp. 79-86] It remained pending in the Louisiana Courts until October 14, 2010, the date the Louisiana Supreme Court denied writs. [*State of Louisiana ex rel. Andris Sinegal, Jr. v. State of Louisiana*, 2010-KH-2690 (La. 10/14/2011), 74 So.3d 721. See also Doc. 1-3, pp. 124-125] Nevertheless, a period of approximately 11 months elapsed un-tolled between May 1, 2009, the date his judgment of conviction became final under the AEDPA, and April 1, 2010, the date he filed the collateral attack in State court.

Petitioner filed his second application for post-conviction relief on November 3, 2011. [Doc. 1-3, pp. 40-63] It was ultimately denied as untimely by both the Third Circuit Court of Appeals [*State of Louisiana v. Andris Sinegal, Jr.*, No. KH 12-00529; Doc. 1-3, pp. 9-10] and the Louisiana Supreme Court. [*State of Louisiana ex rel. Andris Sinegal, Jr.*, 2013-1039 (La. 10/11/2013), 123 So.3d 1224. Doc. 1-3, p. 20[4]] Petitioner cannot claim the benefits of statutory

---

[3] As noted above, the pleading was entitled "Motion to Quash" but was construed as an application for post-conviction relief by the District Court.

[4] Both Courts cited La. C.Cr.P. art. 930.8 which provides, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article ... 922..." Art. 922 provides that "[a] judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for rehearing has expired and no application therefor has been made." The time limit for seeking rehearing is 14 days. See art. 922(A). Petitioner's judgment of conviction became final under Louisiana law on April 15, 2009, 14 days after the decision on appeal. *State of Louisiana v. Andris Sinegal, Jr.*, 2008-1305 (La. App. 3 Cir. 4/1/2009), 5 So.3d 1063 (Table). [See Doc. 1-3, pp. 72-78] Petitioner had two years from that date, or until April 15, 2011 to file a timely application for post-conviction relief. He filed his second collateral attack on November 3, 2011 [Doc. 1-3, pp. 40-63] and therefore the Louisiana Courts were correct in denying it as untimely.

tolling during the pendency of his second application for post-conviction relief because it was deemed time-barred by Louisiana law, and, an untimely application for post-conviction relief cannot be considered  "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

Therefore, 11 months elapsed un-tolled between the date of finality of judgment and the date petitioner filed his first collateral attack in the Fifteenth Judicial District Court; thereafter, once that matter ceased to be pending on October 14, 2011, a period of over 2 years elapsed un-tolled before he filed the instant petition in November, 2013. It is therefore clear that a period well in excess of 1-year elapsed un-tolled between the date that petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed the instant petition for *habeas corpus*.

## 2. Tolling Pursuant to Section 2244(d)(1)(B)

Petitioner implies that he is entitled to the benefits Section 2244(d)(1)(B) with regard to the reckoning of the AEDPA limitations period.  That section provides that the 1-year period limitations may be reckoned from "... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed , if the applicant was prevented from filing by such State action..."

In support of this claim petitioner has provided copies of his Administrative Remedies Procedure (ARP) grievance and the responses to that ARP.  Petitioner began the grievance

6

process on May 31, 2013. In his grievance he alleged, "Petitioner ... arrived at Dixon Correctional Institute on or around July 2008 and has been systematically denied access to the court by the D.C.I. Administrator through information impediments, limited law library access, outdated law books, and untrained counsel substitutes. And the Third Circuit Court of Appeal ruling ... that petitioner's post conviction application was untimely." [Doc. 1-3, p. 5] He further alleged that "... Classification Officer Ivy Miller's Legal Aid system at D.C.I. abridged and impaired petitioner's ability to articulate his claims in a post conviction application in the time allowed." He further claimed that "... the limited time (2 ½ ) hours visit to the law library, out dated and limited books and the untrained and unsupervised Offender Counsel Substitutes at D.C.I. violated his Constitutional right of access to the Courts." [Doc. 1-3, p. 6]

An inadequate prison law library may, in certain instances, constitute a state-created impediment that would justify tolling pursuant to § 2244(d)(1) (B). *Egerton v. Cockrell*, 334 F.3d 433, 439 (5th Cir.2003). However, petitioner has not alleged,  as was alleged in *Egerton*, that he was unaware of either the Louisiana or AEDPA limitations periods due to the inadequacies of the law library.  In order to prevail on a claim that the inadequacy of the prison library entitled the petitioner to either statutory or equitable tolling, the petitioner must allege more than that the library was "inadequate." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir.2011). He must also show that the lack of adequate legal materials <u>actually prevented</u> him from timely filing his *habeas* petition. *Id.* The failure to allege facts indicating precisely how D.C.I.'s inadequate library prevented him from timely filing for *habeas* relief precludes relief. *See id.* at 562.

Further, it should be noted that petitioner claims that the inadequacies of the D.C.I. law library resulted in the untimely filing of his second application for post-conviction relief.

7

However, that claim is clearly without merit.

Louisiana law, provides, "At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing." La. C.Cr.P. art. 930.8(C).  In the absence of evidence to the contrary, it must be presumed that the trial court complied with the law and advised petitioner of the limitations period at sentencing. In any event, the Louisiana Third Circuit Court of Appeals considers the failure of the trial court to inform the defendant of the prescriptive period for post-conviction relief an error patent, and that Court typically reviews all appeals for patent error and notes and corrects the District Court for such lapses. *See for example,  State v. Osborn*, 2013-697 (La. App. 3 Cir. 12/11/13), — So.3d —, 2013 WL 6492319; *State v. Mouton*, 2012-836 (La. App. 3 Cir. 2/27/13), — So.3d — , 2013 WL 690835; *State v. Simon*, 2012-743 (La. App. 3 Cir. 2/6/13), 2013 WL 440562 (unpublished).  On direct appeal, the Third Circuit noted that it had indeed conducted an errors patent review in accordance with La. C.Cr.P. art. 920 and noted no patent errors. *State v. Sinegal*, 2009 WL 840220 at *1 ("In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.")

In the absence of evidence to the contrary, it must be presumed that petitioner was advised of the prescriptive period for post-conviction relief at the time of sentencing, and therefore he cannot claim that the adequacies of the D.C.I. law library caused him to miss the filing deadlines of art. 930.8 with regard to his second application for post-conviction relief.

Further, to the extent that he claims that the library's inadequacies hindered his legal research, that claim is likewise without merit. Petitioner utilized the form provided to Louisiana

8

inmates seeking post-conviction relief when he submitted his second application. That form specifically cautions applicants, "No citation of legal authorities or legal argument is necessary..." [Doc. 1-3, p. 40]; and, directs them thereafter to, "State concisely facts supporting your claim that you are being held unlawfully ... Do not argue points of law." [Doc. 1-3, p. 42] In other words, petitioner was specifically cautioned to provide only the factual basis of his claims. His inability to have access to law books could in no way hinder his efforts.

In short, petitioner is not entitled to tolling as provided by Section 2244(d)(1)(B).

### 3. Equitable Tolling

Nor is petitioner entitled to the benefits of equitable tolling. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the

instant case.  The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana December 12, 2013.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

11